Case 2:21-cv-00285   Document 10   Filed on 02/07/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00285 |
| | § | |
| SIAN SCHILHAB, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR WANT OF PROSECUTION**

Roy Jackson ("Plaintiff"), a Texas inmate currently confined at the McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) This case has been referred to the undersigned. The Court issued a Notice of Deficient Pleading on December 3, 2021, notifying Plaintiff that he must either submit the filing fee of $402.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. (Doc. No. 6.) Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution.

On December 27, 2021, Plaintiff filed a letter requesting that the filing fee in this case be excused because of the payment he submitted in another pending 42 U.S.C. § 1983 action in another division of this district. (Doc. No. 7.) On January 10, 2022, the Court responded that Plaintiff is responsible for the filing fee in each case he files, including this one. (Doc. No. 8, p. 1.) The Court warned Plaintiff that he had still not complied with the Notice of Deficient

Pleading (Doc. No. 6), instructed him again to submit the required information, and reiterated the importance of compliance. *See* Doc. No. 8, at 1-2. The Court ordered Plaintiff to show cause within 20 days why his case should not be dismissed for want of prosecution and warned Plaintiff that failure to comply would result in a dismissal of his case. *Id.* at 2. Additionally, the Court cautioned that a failure to comply with the order would result in a recommendation to the District Court to dismiss Plaintiff's cause of action. *Id.*

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983 case. The Court has twice advised Plaintiff, both through a Notice of Deficient Pleading and through an Order to Show Cause, that this action would be dismissed for want of prosecution if he failed to comply with these court orders. (Doc. Nos. 6, 8.) Plaintiff has repeatedly failed to follow court orders and submit the required information in support of his application to proceed *in forma pauperis*. Plaintiff received warnings that this failure may result in the dismissal of this action. For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

    SIGNED on February 7, 2022.

                                                    MITCHEL NEUROCK
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure, and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).